## OCTOBER TERM, 1854.

### WILLIAM FELL *et al. vs.* WILLIAM C. PARKE.

On a motion for a second commission to take testimony abroad, the applicant must set forth what he expects to prove by the witnesses named.

If there are bills of sale, deeds, or writings of any kind to be proved, they should be annexed to the affidavit.

CHIEF JUSTICE LEE.—This is a motion for a Second Commission to take the evidence of certain witnesses named in a former commission, and also that of new witnesses, on the ground that one of the witnesses in the first commission was improperly named, and consequently his evidence not taken; that another witness had deceased since the issuing of the first commission, and that the same facts can be proved by Henry E Cohan, one of the new witnesses proposed to be examined. The plaintiff's affidavit sets forth that the other new witnesses were not known to them at the time of the issuing of the first Commission.

To this motion it is objected, that the plaintiff's affidavit does not state, that the witnesses proposed to be examined are without the kingdom, or that they are material, as required by statute; and further, that the motion should not be granted, because certain bills of sale, referred to in the interrogatories accompanying the affidavit, are not attached, or set forth in the papers, as they ought to be, in order to enable the defendant to file proper cross interrogatories.

Every petition for a commission under our statute, should set forth the names of the witnesses; that they are without the kingdom; that they are material; and that the party asking for the commission, cannot safely proceed to trial without their evidence. As a general rule the affidavit should set forth what the petitioner expects to be able to prove by the witnesses, in order that the court may judge of its materiality; but the court will always exercise a sound discretion on this point, and will not require it to be set forth, where good reasons are shewn why it should not be. But on motion to grant a second commission, to take the evidence of new witnesses, the court will always require the party asking for it, to state what he expects to prove by those witnesses.

Now to apply these rules to the case in hand, I think the affidavit is sufficient so far as the testimony of Smith, Bunker and Cohan is concerned; but in reference to Schleiden it is insufficient; for it does not state that he is without the kingdom; that he is material; or what the plaintiffs expect to prove by him.

We next come to the objection that the bills of sale, which the witnesses are expected to prove, should accompany the affidavit. I think this objection is well taken. If there are bills of sale, deeds, or writings of any kind to be proved, they should be annexed to the affidavit, and marked as they are referred to in the interrogatories. (1 Burrill's Practice, 445.) This is necessary, to enable the other party to put intelligent cross interrogatories.

Motion denied.

Mr. Blair Mr. Montgomery, and Mr. Harris, counsel for plaintiffs.

Mr. Bates, counsel for defendant.