ONOMEA SUGAR COMPANY *vs.* H. C. AND F. H. AUSTIN.

APPEAL FROM DECISION OF PRESTON, J., ADJUDGING DE-
FENDANTS IN CONTEMPT.

APRIL TERM, 1886.

JUDD, C. J.; McCULLY AND PRESTON, JJ.

Section 839, Civil Code, in regard to appeals to the full Court, held
not to permit an appeal from the order of a Justice of the Supreme
Court adjudging defendants in contempt.

*Campbell's Case*, 2 Hawn. 27, approved.

The Court declines to hear such an appeal.

OPINION OF THE COURT, BY McCULLY, J.

A BILL of complaint was brought before Mr. Justice Preston
asking for an injunction against the defendants to restrain them
from interfering with the Onomea Plantation till the further
order of the Court, and to command them to at once deliver up to
the plaintiffs all the books of account, contracts and other property
of the plaintiffs. An injunction to that effect was issued October
20th, and served on the defendants at Hilo October 22nd. It was
afterwards made to appear to the said Justice that the defendants
had refused to obey the injunction entirely until the fifth day of
November, and upon surrendering the premises and books, etc.,
of the office, they had appropriated to their own use the sum of
$1,800 in the form of cash and notes, the proceeds of sugar of the
plantation irregularly sold by them in Hilo, charging it in the
plantation books as

Damages account H. C. Austin ..........................$1,000
  "   "  F. H. Austin ......................... 600
Expenses "  Legal expense ....................... 200
being "damages for summary and unwarranted and unauthorized
dismissal and for legal expenses" for resisting the plaintiffs.

Upon citation to show cause why they should not be held in
contempt, and hearing thereupon, the said Justice, on the 8th of
December, adjudged them each guilty of contempt of Court, and

ordered them to severally stand committed to custody until they should pay into Court the sum of $1,800.

The defendants forthwith paying this amount were held to have purged themselves.

The defendants' counsel have claimed an appeal and have been heard, the Court however reserving the question of jurisdiction to be considered *in limine*.

The case of *Alex. Campbell*, 2 Hawn. 27, was one of contempt. He was adjudged by the full Court to be in contempt by reason of a letter addressed to one of the Justices. The Court heard a motion to vacate its order, considering it within its discretion to do so under the facts of that case, of its being a matter between the Court and one of its own officers, holding that if it were otherwise it would have no power to review or set aside the order, and could only rectify or amend what appeared clearly a mistake or clerical error, and saying, " If the right was asserted to control the proceedings of any other court of record it could not be entertained, for when a court commits a party for contempt their adjudication is a conviction, and the commitment in consequence is execution ; and so the law has been settled."

It must be considered here that the court of a justice sitting in equity is "another court" than the Supreme Court in Banco, as much so as if the justice appealed from did not also belong to the court of appeal, and this case might rest upon the authority of the above decision. But counsel cite Section 839 of the Code, which was not in existence at the date of Campbell's case, as allowing an appeal from orders of commitment for contempt. The section provides that "An appeal may be taken to the full court in banco from any decision, order or decree made by any Justice of the Supreme Court at chambers. * * * Nothing in this section contained shall shall be construed to permit an appeal to be taken from any order by any justice allowing any warrant, attachment, writ or other process, or for the taxation of costs or any other order of a like nature."

We have to consider whether an order for commitment for contempt comes within the appealable cases, or is excepted specially or generally.

The statute provides for the punishment of contempt, as an ob-

struction to justice, by trial by jury and a penalty by imprisonment or by fine, with a provision that the several courts from the highest to the lowest may summarily punish contempts according to a graduated scale of penalties. Penal Code, Chapter XXIX, and Compiled Laws, page 318. Among the particulars of what may be contempt enumerated in Section 8 of the above Chapter XXIX is "willful disobedience or neglect of any lawful process or order." Section 20, which corresponds with Section 1098 of the Civil Code, provides that when the contempt consists in the omission or refusal to perform an act which is yet in the power of the party to peform, he may be imprisoned until he have performed it.

· If Section 839 gives an appeal against orders adjudging contempt, it applies to all descriptions of the offense. Appeal would lie from the summary punishment of contemptuous, contumelious, disrespectful or disorderly language, behavior, etc., *in facie curiae*. This would be contrary to common-law doctrine, as it is stated in the first Section of Rapalje on Contempts: "It is conclusively settled by a long line of decisions that at common-law all courts of record have an inherent power to punish contempts committed *in facie curiae*, such power being essential to the very existence of a court as such, and granted as a necessary incident in establishing a tribunal as a court;" and in Section 141 *ibid.*: "Every superior court of record being at common law the sole judge of contempts against its authority and dignity, it naturally results that the judgment of every such court is, at common law, final and conclusive, and not reviewable by any other tribunal, which in other cases would lawfully exercise appellate jurisdiction either on writ of error or appeal, unless especially authorized by statute."

It is too plain for controversy that if an appeal were to be allowed by the force of Section 859 in such cases of contempt, courts would be deprived of a power essential to the preservation of their authority and dignity. But it must be held that if the statute gives an appeal in such a case as that at bar, it equally applies to the other instances of contempt. We ought then to consider whether a construction so adverse to the common law, and which renders nugatory an "essential" power of courts, is required to be given to Section 859.

The order finding a party in contempt is of a discretionary character. The exercise of this great authority must lie in the prudence and good judgment of a court. The cases expressly excepted, of allowance of warrants, writs, attachments and other processes, and measurably too of costs, are entrusted to the discretion of the justice, and are therefore not appealable. There are other orders of a like nature not specified, which the statute leaves to the judge without appeal. Among these we place the power of a court to maintain its dignity by summary punishment for contempts, and the authority of its processes as prescribed by Section XXIX of the Penal Code, and Section 1098 of the Civil Code.

The Court *in re* Campbell say, "contempts may not only occur in the face of the court, but they may be committed out of court, and without this power it might be impossible to proceed in the discharge of their duties."

We decline on appeal to hear the case.

*W. A. Whiting*, for plaintiffs.

*Ashford & Ashford*, for defendants.

Honolulu, May 31, 1886.