JEREMIAH C. WILCOX ET AL. V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1895. NO. 7086.

1. **Contempt**: REFUSAL OF WITNESS TO BE SWORN. A witness in attendance upon a court, who, on being ordered to be sworn or affirmed, contumaciously refuses, is guilty of a contempt of court, and is punishable therefor.

2. ——: ——: RECORD. But it is not a contempt of court for a witness to decline merely to be sworn, but he must also refuse to be affirmed, and the record must so disclose.

3. ——: REFUSAL OF WITNESS TO TESTIFY. A witness who contumaciously refuses to answer any legal and proper question asked him is guilty of a contempt.

4. ——: COMMITMENT. When a witness is committed for contempt for refusing to testify, the questions asked and refused to be answered must be stated in the order of commitment.

ERROR to the district court for Douglas county. Tried below before BLAIR, J.

*David Van Etten* and *J. C. Wilcox*, for plaintiffs in error.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *J. L. Kaley* for the state.

NORVAL, C. J.

These proceedings were instituted in this court to review certain orders made by the court below by which Jeremiah C. Wilcox and Sherman Wilcox were adjudged to be in contempt of court. It appears from the record that on the 6th day of June, 1894, one Harry Carton recovered a judgment in the district court of Douglas county against the plaintiff in error, Jeremiah C. Wilcox, in the sum of $1,237.13, besides costs of suit. An execution was issued upon this judgment on the 25th day of June, 1894, which upon the same day was returned by the sheriff unsatisfied for want of goods and chattels or lands and tenements of the defendant in the county upon which to levy the writ. Thereupon proceedings in aid of execution were instituted before Judge Blair, one of the judges of the district court in and for Douglas county, under the provisions of section 532 *et seq.* of the Code of Civil Procedure, by the filing of the affidavit of one L. F. Crofoot, setting up the recovery of the aforesaid judgment, the issuing of the execution thereon, and the return thereof unsatisfied; that the judgment debtor is interested as a stockholder in certain specified corporations, which interests, together with other property, both real and personal, of which he is possessed, he refuses to disclose or apply towards the satisfaction of said judgment, and that Sherman Wilcox is in possession of the facts with reference to Jeremiah C. Wilcox's ownership of the stock in said corporations, and is a material witness in the proceedings. The district judge made an order com-

manding the said Jeremiah C. Wilcox and Sherman Wilcox to appear before him at a time and place stated therein to answer under oath all questions concerning the interests of Jeremiah C. Wilcox in said corporations, or concerning his other property, as may be propounded to them, and further, that they bring with them the original subscriptions for stock and the stock books of each of said corporations. This order was personally served upon each of the Wilcoxes, and Sherman Wilcox having failed to appear at the time fixed for his appearance, a *capias* was issued to the sheriff commanding him to arrest and bring the said Sherman before the district judge for examination, which writ was accordingly executed. The record shows the following proceedings were had and taken: "Whereupon the said Sherman Wilcox, now being before the court, refused to be sworn and refused to testify. Thereupon the said Sherman Wilcox was adjudged to be in contempt of court," and was committed to the county jail until he should signify his willingness to obey the order of the judge and submit to an examination. The record further discloses that Jeremiah C. Wilcox appeared before Judge Blair, and upon being sworn, refused to give testimony. Thereupon he was adjudged guilty of contempt, and sentenced to pay a fine of $100, and to stand committed to the jail of the county until such fine is paid and he signify his willingness to answer such questions as might be put to him under the direction of such judge. The foregoing orders adjudging the plaintiffs in error guilty of contempt are before us for review. There is no bill of exceptions in the record, and the question is presented for our consideration whether the findings of the district judge are sufficient to sustain the orders complained of.

It will be observed that Sherman Wilcox was adjudged in contempt of court for declining to be sworn and for refusing to testify, and Jeremiah C. Wilcox was punished as for a contempt for declining to answer questions. Under

the statutes of this state a witness, before giving testimony, is required to take an oath to testify to the truth, the whole truth, and nothing but the truth.    The oath is to be administered in the mode most binding upon the conscience of the witness. (Code, sec. 365.)    By section 894 of the Code of Civil Procedure it is provided that "whenever an oath is required by this code, the affirmation of a person conscientiously scrupulous of taking an oath shall have the same effect."    Section 669 declares: "Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts:  *  *  *  Fifth—The contumacious and unlawful refusal of any person to be sworn or affirmed as a witness, and when sworn or affirmed, the refusal to answer any legal and proper interrogatory."    It requires no argument to show that in this state a witness in court may be sworn by taking the statutory oath, or he may refuse to be sworn on the ground of conscientious scruples, in which case he may affirm.  ·  There can be no doubt that where a witness in a court of record, on being ordered to be sworn or affirmed, contumaciously refuses to do either, he is guilty of contempt; but it is not a contempt of court for a witness to decline merely to be sworn by taking the usual oath administered to witnesses, since the statute gives him the right to affirm.    The finding of the district judge was insufficient and fatally defective, in that it failed to set forth that Sherman Wilcox refused to be affirmed, as well as declined to be sworn.    Presumptions and intendments will not be indulged to support a conviction for contempt of court. (*Hawes v. State*, 46 Neb., 149.)

It remains to be determined whether the plaintiffs in error were rightfully adjudged guilty of contempt for refusing to testify.    It cannot be doubted that the refusal of a witness to testify at all may be punished as a contempt of the court or officer of whom his testimony is required, in case the court or officer has jurisdiction of the controversy

or proceeding in which the witness is called upon to give his evidence. The statute, section 360 of the Code of Civil Procedure, provides: "Every attachment for the arrest, or order of commitment to prison of a witness by a court or officer, pursuant to this chapter, must be under the seal of the court or officer, if he have an official seal, and must specify particularly the cause of the arrest or commitment; and if the commitment be for refusing to answer a question, such question must be stated in the order." The language quoted is imperative, and requires, when a witness is committed for contempt for refusing to testify, or answer a question asked him, that such question asked and refused to be answered shall be stated in the order of commitment. This was not done in either of the orders under review. So far as this record discloses, no question of any kind was propounded to either of the plaintiffs in error, or that either refused to answer any legal or proper interrogatory. The findings, for this reason, are wholly insufficient upon which to base the convictions. The orders adjudging plaintiffs in error guilty of contempt must be set aside.

REVERSED AND REMANDED.