# IN THE MATTER OF THE APPLICATION OF GEORGE A. DAVIS FOR A WRIT OF HABEAS CORPUS.

SUBMITTED DECEMBER 27, 1898.　DECIDED DECEMBER 30, 1898.

ORIGINAL.

JUDD, C.J., WHITING, J., AND F. M. HATCH, ESQ., OF THE BAR, SITTING IN PLACE OF FREAR, J., ABSENT.

A Circuit Judge acting by authority of law in a judicial capacity has the right to punish for a contempt of Court.

A fine for contempt of court having been imposed and not paid the offender may be imprisoned until it is paid.

OPINION OF THE COURT BY JUDD, C.J.

This is a petition by George A. Davis, Esq., an attorney of this Court, for a Writ of Habeas Corpus in his own behalf. It was made returnable and was heard by the Court on the 27th day of December. The petitioner alleges that he is confined, imprisoned and restrained of his liberty in Oahu Prison, and is in the custody of the Marshal of the Republic, and William Henry, the keeper of said Prison, acting under the said Marshal under two mittimuses, which are as follows:

In the Circuit Court of the First Judicial Circuit, Hawaiian Islands.

Before Perry, J., at Chambers.

In the Matter of Contempt of Court of George A. Davis.

*The Republic of Hawaii:*

*To the Marshal of the Hawaiian Islands or his Deputy, Greeting:*

George A. Davis, an attorney of this Court, having been this day, at a hearing on certain alleged exceptions in the case of *F. F. Porter v. The Hawaiian Pork Packing Company,* before Perry, J. at chambers, adjudged by said Court guilty of contempt of court in that he did file in said court, and in open court, and while said court was in session and hearing its regular business as aforesaid, present to said judge for allowance certain documents written and signed by him purporting to be exceptions, and containing contumelious and disrespectful language of and concerning said court and judge, and having been by said court on this day summarily sentenced to pay a fine of fifty dollars or to be imprisoned until the said fine be paid:

You are hereby ordered to take said George A. Davis into your custody and to cause said sentence to be executed.

Hereof fail not.

Witness the Hon. A. Perry, Judge of the Circuit Court of the First Judicial Circuit, at Chambers, and the seal of said Court at Honolulu, Oahu, this 24th day of December, 1898.

(Seal)　　　　(Signed)　　　P. Danson Kellett, Jr.,
　　　　Clerk of the Circuit Court of the First Circuit.

In the Circuit Court of the First Judicial Circuit, Hawaiian Islands.

Before Perry, J. at Chambers.

In the Matter of Contempt of Court of George A. Davis.

*The Republic of Hawaii:*

*To the Marshal of the Hawaiian Islands or his Deputy, Greeting:*

George A. Davis, an attorney of this Court having, by said

Court, been this day adjudged guilty of contempt of court in that he did this day in open court, and in the presence of the judge of said court, during the session of said Court, and while said Court was engaged in its regular business hearing and determining a case pending before it, use threatening, contumelious and disrespectful language of and concerning said Court and judge, and in that he was guilty of threatening, contumelious, disrespectful and disorderly manner and conduct in open court as aforesaid, and in the presence of said Court as aforesaid while in session as aforesaid, and having been by said Court on this day summarily sentenced to be imprisoned for the term of ten days:

You are hereby ordered to take said George A. Davis into your custody, and to cause the said sentence to be executed.

Hereof fail not.

This sentence to commence and take effect from the expiration of any former sentence.

Witness the Hon. A. Perry, First Judge of the First Judicial Circuit at Chambers, and the seal of said Court at Honolulu, Oahu, this 24th day of December, 1898.

(Seal)          (Signed)          P. DAWSON KELLETT, JR.
          Clerk of the Circuit Court of the First Judicial Circuit.

The return admits that the petitioner is held by virtue of these mittimuses.

The petitioner claims that both of the mittimuses are void because Judge Perry, sitting as he was in chambers, had not the power to summarily adjudge the petitioner guilty of contempt; and that the first mittimus imposing a fine is defective and void for uncertainty, the time of imprisonment thereunder being indefinite, and because he was to be imprisoned until said fine (of $50.00) be paid.

It is unnecessary to comment upon the right of every superior court of record to punish for contempt of its authority as inherent and essential to its existence and protection and to the due administration of justice, because this power is limited by the statutes of this country. The statute, Section 1096 of the Compiled Laws, page 318, reads:

"Every judicial tribunal, acting as such, and every magistrate acting by authority of law in a judicial capacity, may summarily punish persons guilty of contempt, as follows, viz:

1. The Supreme Court, by imprisonment not more than three months, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment in the discretion of the Court.

2. Any Circuit Court, or any Court of Probate, by imprisonment not more than two months, or by fine not exceeding one hundred dollars.

3. Any Circuit Judge, or Police Justice, by imprisonment not more than thirty days, or by fine not exceeding fifty dollars.

4. Any District Justice, Coroner or other person acting in a judicial capacity by authority from any Court of Record, by imprisonment not more than ten days, or by fine not exceeding ten dollars."

It will be seen that a distinction is made between the power of the Circuit Court and of the Circuit Judge. The former may punish contempt by imprisonment for not more than two months or by a fine not exceeding one hundred dollars. A Circuit Judge may imprison for not more than thirty days, or by a fine not exceeding fifty dollars.

Now, in what capacity was Judge Perry sitting when he exercised this function? By the first part of the law above recited he must be a "judicial tribunal acting as such." That is, he must be "acting by authority of law in a judicial capacity." The subject matter before him was the allowing or disallowing of a certain bill of exceptions presented by the petitioner in a matter pending. He was sitting in pursuance of a duty set forth in Section 74 of the Act to Reorganize the Judiciary Department —that is, to allow and sign the exceptions or refuse to do so. He was not presiding at a term of the Circuit Court for it had adjourned, but, his duty, in respect to the case pending, continued in vacation, and this was necessarily to be done in chambers. A Circuit Judge must either sit in court at its regular terms or at chambers, and the expression "at chambers" does not

limit his jurisdiction to the cases mentioned in Section 37 of the Act to Reorganize the Judiciary as in equity, admiralty, etc., but extends to the hearing of all matters incident to and connected with law matters triable at term but executed in vacation.

We therefore hold that Judge Perry, when he issued these mittimuses, was acting by authority of law in a judicial capacity.

A similar jurisdiction was exercised by a Circuit Judge in the case of *Aldrich*, 9 Haw. 470.

By the common law every court of competent jurisdiction was the exclusive judge of contempts committed in its presence or against its process, and the exercise of its power cannot be assailed by resort to the writ of habeas corpus.

We have no statute authorizing an appeal in matters of contempt, and under a writ of habeas corpus we can only inquire into the jurisdiction of the judge punishing for contempt.

As to the right of the judge to impose a fine and order the contemnor to be imprisoned until the fine is paid there is abundant authority. In 4th Enc. Plead. and Prac., page 802, the compiler says in substance that the prevailing rule is that, the term of imprisonment for contempt of court cannot be prolonged indefinitely. But it may be "until the performance of a condition," which occurs in that class of cases in which a fine for contempt having been imposed and not paid the offender is committed to prison until it is satisfied.

The leading case on the subject is *Fischer v. Hayes*, 6 Fed. Rep. 63, Judge Blatchford says:

"Commitment is not a separate punishment or imprisonment added to the payment of a fine. It is in this view that it has always been held that where a statute authorizes or prescribes the infliction of a fine as a punishment either for a contempt of court or for a defined offense it is lawful for the court inflicting the fine to direct that the party stand committed until the fine be paid, although there be no specific affirmative grant of power in the statute to make such direction."

The case is supported by numerous citations, and has been followed in many states of the Union.

*Ex Parte Crittenden*, 62 Cal. 534, the head note reads:

"Upon a judgment imposing a fine for contempt it is competent for the court to direct that the party stand committed until the fine is paid."

In *Brown v. The People*, 19 Ill. 612, Chief Justice Caton said:

"The only question in this case is whether the Justice of the Peace who had imposed a fine for a contempt of his court can imprison the party until the fine and costs are paid. Of this power we have no doubt. Such a power is indispensable to the proper administration of justice in this as well as other courts." * * * "Should we hold that the only means these courts have of protecting themselves is by imposing fines, and issuing the ordinary executions to collect them, we might as well at once close the doors of these courts altogether."

It seems to us also that both of these contempts were in *facie curiae*. The obnoxious bill of exceptions was read to the judge. The second contempt was language addressed to the judge, and was far more serious in its nature.

It is the duty of this Court to see to it that the several judges and magistrates of this Republic are protected in the exercise of their judicial duties, and their valid judgments respected.

We hold that the petitioner is lawfully held, and that the writ should be discharged.