IN THE MATTER OF THE GRAND JURY DULY IMPANELED AND SWORN IN AND FOR THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 6, 1906.     DECIDED FEBRUARY 6, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

DIRECT CRIMINAL CONTEMPT—*refusal to answer question before grand jury.*

A refusal of a witness sworn to testify before a grand jury to answer a proper question is a direct criminal contempt.

ID.—*exceptions do not lie.*

Exceptions do not lie to review a judgment of a circuit court in a case of direct criminal contempt.

ORAL OPINION.

FREAR, C. J. The appellant refused to answer a question put to him as a witness before the grand jury. For this he was found guilty of contempt by the circuit court and sentenced to imprisonment for ten days or until such time as he should purge himself of the contempt. He seeks a reversal of the judgment on exceptions, and the question is whether exceptions lie in a case of this nature.

It has been settled by former decisions that prior to the act of 1903 an appeal did not lie in a contempt case. That was held

in *Onomea Sugar Co. v. Austin,* 5 Haw. 604, the court basing its decision partly on the ground that no distinction could be made between direct and indirect contempts under the statute relating to appeals, and that to allow appeals in cases of direct contempt would be to render nugatory an essential power of the courts, and that such remedy did not exist at common law and should not be held to exist under the statute unless a clear intention were shown to that effect; and partly on the ground that the statute, which is now Section 1860 of the Revised Laws, expressly provided that appeals should not be allowed in certain classes of cases, to one of which it was held that contempt cases belonged. See also *In re Davis,* 11 Haw. 598; *Ex parte Ah Oi,* 13 Haw. 539; *Ex parte Smith,* 14 Haw. 247.

The question then is whether the act of 1903, the portion of which now in question is embodied in Sec. 3073 of the Revised Laws, permits a remedy of this sort—by appeal or exceptions or writ of error—in a case of contempt of this kind. That section certainly does not give any such remedy in its second sentence. That sentence simply provides that in any case of contempt the particular circumstances of the offense shall be fully set forth in the judgment and warrant of commitment and that "on appeal, exceptions, writ of error, habeas corpus or other proceedings" for the review of the judgment or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment or order the commitment. That sentence relates to the procedure on these various proceedings when they are applicable. It does not grant the right to review decisions in any contempt cases by these various methods. The next sentence, however, provides that "every judgment, sentence or commitment for a civil contempt or for a constructive or indirect criminal contempt shall be subject to appeal, exceptions, writ of error or other proceeding for review as provided by law in other cases," with the proviso that only questions of law should be considered in such cases and that nothing in this section should be construed to "prohibit the review of proceedings in any case of contempt * * * on habeas corpus or otherwise as heretofore

allowed." This provision, as far as it goes, strengthens the view that an appeal, exceptions or writ of error would not lie now any more than before in a case of direct criminal contempt, for it expressly permits those methods of review only in cases of indirect or constructive criminal contempt and in cases of civil contempt.

The question therefore is reduced to this, whether this was a case of direct criminal contempt, if it was a case of contempt at all. In the opinion of the court it was. There is no doubt that it was a direct contempt. Although it occurred in the grand jury room, the court in contemplation of law was present there. It was also a criminal contempt. It was a disregard of the authority of the court in a public proceeding. The purpose of its prosecution was the vindication and enforcement of public authority and not merely the enforcement of a private right. It is even made a criminal offense for one sworn as a witness to refuse to answer any legal and proper interrogatories. Rev. L., Sec. 3069.

The exceptions are dismissed.

*A. S. Humphreys* for appellant.

*F. W. Milverton, Deputy Attorney General,* contra, was not called.