# IN THE MATTER OF THE APPLICATION OF HARRY T. MILLS FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MAY 25, 1908.                    DECIDED JUNE 3, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CONTEMPT—*judgment of, appeal from, mittimus.*

No appeal lies from a judgment of direct criminal contempt. A mittimus, reciting that the petitioner by, etc., was adjudged guilty of direct contempt of court in that he took part in a fight with one T. in the court room when the court was engaged in the trial of a case entitled, etc., on, etc., and was summarily sentenced to pay a fine of $10 or be imprisoned until the fine should be paid, for a term not to exceed ten days, and that it appeared that the fine had not been paid, sufficiently complies with the

In. re Mills, 19 Haw. 88.

statute requiring that the particular circumstances of the offense be fully set forth.

HABEAS CORPUS—*review of facts on which contempt is adjudged—fighting in court.*

The court will consider in habeas corpus whether the facts on which a contempt was adjudged constitute the offense but will not question their truth nor allow them to be contradicted. Fighting in presence of the court is prima facie culpable.

OPINION OF THE COURT BY HARTWELL, C.J.

The petitioner obtained a writ of habeas corpus April 23 for inquiry into the legality of his detention by the sheriff under a mittimus of the district court of Honolulu, which reads as follows:

"IN THE DISTRICT COURT OF HONOLULU

"COUNTY OF OAHU,

"TERRITORY OF HAWAII.

"In the matter of Contempt of Court of Harry T. Mills. Mittimus.

"THE TERRITORY OF HAWAII:

"To the High Sheriff of the Territory of Hawaii, his deputy, the Sheriff of the County of Oahu, or his deputy:

"Harry T. Mills having been adjudged, in our District Court, of Honolulu, County of Oahu, guilty of a 'Direct Contempt of Court' in that he took part in a fight with one F. E. Thompson, in the Court Room, in open Court and when the Court was in session and actually engaged in the trial of a case entitled, Harry T. Mills versus C. A. DeCew, on the 20th Day of April, A. D. 1908, and having been by the said Court on said day summarily sentenced to pay a fine of Ten Dollars ($10) or to be imprisoned until such fine shall be paid, such term of imprisonment not to exceed a period of ten days, and it appearing that said fine aforesaid has not been paid,

"You are ordered to take said Harry T. Mills into your custody and to cause said sentence to be executed,

"Hereof fail not,

"Frank Andrade
"District Magistrate of Honolulu,
"County of Oahu.

"Dated at Honolulu, this 21st day of April, A. D. 1908."

The incident referred to in the mittimus is described in the petition as having arisen and proceeded as follows: On Monday, April 20, 1908, while the petitioner was addressing the court in the case referred to, Thompson, the defendant's attorney, after accusing the petitioner of having insulted him on a former occasion, assaulted, struck and grappled with him in the presence of the court, without fault or provocation of the petitioner who assumed an attitude of defense and did not return or retaliate the assault but deported himself strictly upon the defensive in the endeavor to ward off the attack and defend himself; that Thompson having been dragged away from petitioner through the interference of others, the court caused the entry to be made in the minutes of the cause: "At this stage Mr. Thompson assaults Mr. Mills, and they had tussled, and they were fined, by the court in the sum of $10 each. Mr. Mills notes appeal;" that the court made no judgment that the petitioner was guilty of contempt but issued a mittimus, which, as the petitioner is informed and believes and alleges upon such information and belief, commanded the sheriff to take the petitioner into custody, but not mentioning any acts showing that he had been guilty of contempt; that upon the same day the petitioner filed his appeal to the circuit court and has since perfected it by tendering costs which were refused, and that the appeal has not been certified to the circuit court or in any wise disposed of; that about April 21 the magistrate withdrew the first mittimus, which, as the petitioner has been informed by the magistrate, was destroyed and another mittimus, of which the foregoing is a copy, was issued.

The petitioner alleges that the mittimus under which he is held is invalid because (a) it is not supported by any judgment of the court to the effect recited in it and the petitioner has not been adjudged to be guilty of a direct contempt; (b) it does not allege facts sufficient to constitute contempt, or to show

that the petitioner was acting otherwise than in the legitimate and necessary defense of his person.

The sheriff's return, April 24, shows that April 23, in response to the writ, he produced the petitioner before the judge who released him on his own recognizance pending the return and hearing; that the respondent was restraining the petitioner of his liberty under a judgment and sentence of the district magistrate of Honolulu in a proceeding pending before the magistrate April 20 wherein the petitioner was found guilty of a contempt of court in fighting in the court room before the magistrate during the progress of the proceeding then pending in which the petitioner was plaintiff and one DeCew was defendant and wherein the petitioner, upon being found guilty of contempt, was sentenced by the magistrate to pay a fine of $10, which judgment and sentence were entered by the clerk of the district court upon the records of the court as follows: "April 20th 1908, 1.30 P. M. Frank E. Thompson. Harry T. Mills. Each adjudged by the court as guilty of a contempt of court in that they took part in a fight with each other in open court while the court was in session and engaged in the trial of a case entitled Harry T. Mills v. C. A. DeCew on this 20th day of April, 1908. Each sentenced to pay a fine of $10.00;" that after the judgment and sentence the petitioner, having refused to pay the fine, was on the same day ordered by the magistrate to be imprisoned by the respondent until the fine should be paid, the term of imprisonment not to exceed ten days.

The return alleges that the petitioner's contemptuous conduct consisted among other things in his aggressive, noisy and disturbing acts and doings while engaged in a fight with Thompson during which the petitioner was aggressive in his manner, retaliated the assault and by scuffling, grappling with and fighting Thompson did greatly disturb the trial and proceedings "then and there being had;" and further that on the same day,

April 20, the magistrate caused a mittimus to be issued setting out that the petitioner had been convicted of contempt of court in that he had taken part in the fight with said Thompson in open court while it was in session and in the actual trial of the case and commanding the respondent to take the petitioner into custody under the judgment and sentence above set out, and, on April 21, issued another mittimus amendatory of the first which through inadvertence was lost or destroyed, and that the petitioner was being held under the mittimus referred to in the petition.

The petitioner filed an answer April 25 alleging on information and belief that the judgment set out in the return was not entered prior to his arrest, denying the averments concerning his aggressive conduct and affirming that "the fight and disturbance occurred in the manner set forth in his petition."

When the case came on for hearing the petitioner produced a witness who, after testifying that he saw in the district court "an altercation or difficulty between the petitioner, Harry T. Mills, and one Frank E. Thompson," was asked to describe it. The respondent's objection to the evidence was sustained and also his objection to evidence offered to show that the petitioner was assaulted by Thompson and simply endeavored to defend himself, committing no overt acts, and that he was not the aggressor. The petitioner, although allowed to do so, offered no evidence to show that the judgment mentioned in the return had not been rendered prior to his arrest. After hearing counsel the circuit judge remanded the petitioner who appealed to this court.

The questions presented by the case and which have been argued with clearness and precision are as follows, namely: (1) Was the petitioner's appeal from the sentence imposing upon him a fine of $10 for contempt allowable under Sec. 1858 R. L., "Appeals shall be allowed from all decisions of district magistrates, whether civil or criminal, to the circuit court of

the same circuit," notwithstanding the provision in Sec. 1860 R. L. that "Nothing herein contained shall be construed to permit an appeal to be taken from any order by any judge or magistrate allowing any warrant, attachment, writ or other process, or for any other order of a like nature," and if this question is answered in the negative (2) does the mittimus comply with the requirement of Sec. 3073 R. L. that "Whenever any person shall be adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in such judgment and in the order or warrant of commitment," and if this question is answered in the affirmative° (3) is it an offense per se to take part in a fight in a court room while the court is engaged in the trial of a cause, or, as claimed by the petitioner, is the fighting reprehensible only when provoked by the party censured or carried to an extreme unnecessary for self protection?

(1)  At common law an order punishing for contempt is not appealable and cannot be reviewed, every court being regarded as the exclusive judge of a contempt committed in its presence or against its process. *Ex parte Kearney,* 7 Wheat. 38; *New Orleans v. Steamship Co.,* 20 Wall. 387; *Hayes v. Fischer,* 102 U. S. 121.

*Onomea Sug. Co. v. Austin,* 5 Haw. 604 (1886), discusses the statute above quoted, holding that exercise of "the power of a court to maintain its dignity by summary punishment for contempts" is not appealable under the proviso that the general statute shall not be construed to permit an appeal from orders allowing warrants, attachments, writs or other process, "or for any other order of a like nature."

The common law enactment of 1892 had not then been passed, but is now in force except as otherwise provided by statute, precedent or usage.

The legislature has since provided, Act 21 S. L. 1903 (Sec. 3073 R. L.), that "Every judgment, sentence or commitment

for a civil contempt or for a constructive or indirect criminal contempt shall be subject to appeal," implying that no appeal is allowed from a commitment for a direct criminal contempt. *In re Anin,* 17 Haw. 336. Question 1 must be answered in the negative.

(2) It is suggested that the mittimus is defective in failing to set forth such particulars as, who was the aggressor, whether the fight was with natural or artificial arms, fists or deadly weapons, whether both of the combatants or only one was to blame, whether either was fighting merely in defense of life or limb. It is urged that fighting in court may be proper or improper, justifiable or unjustifiable, according to the particular circumstances of the case, which therefore are required by the statute to be set forth in full in the judgment and commitment in order that it may appear whether the court had abused its discretionary power by adjudging innocent and blameless conduct to be a criminal contempt.

The petitioner's claim would not be satisfied by a statement in the mittimus that his fighting was not justifiable or was not justified by any of the circumstances nor by a partial or incomplete statement, as, for instance, that he was first attacked. It would be necessary not only to allege that he used no more force than was needed to repel the attack, but also in conformity with *King v. Sherman,* 1 Haw. 150, and *King v. Bridges,* 5 Haw. 467, that he had no other method of avoiding the attack, the doctrine that violence is not necessarily excused by violence, when homicide results, being adopted in those cases. The conduct in self defense must be such as is reasonably necessary for protection.

The right of self defense has its limitations, to the observance of which courts and the public are entitled. For instance, if the one attacked prolong his defense longer than was required for his own safety or decline the aid of others or use unseemly or undesirable methods of defense he may not avoid being

In re Mills, 19 Haw. 88.

held for contempt by invoking his inherent right of self defense.                o

Most of the citations upon the requirement that the circumstances be fully set forth in the warrant appear to be cases of constructive contempts. Thus in *Goetz v. Stutsman,* 73 Ia. 693, contempt for violating an injunction, the warrant recited that the plaintiff had been convicted of contempt in violating the terms and conditions of an injunction in a case pending in court and that the offense was proved by witnesses. "The statement of facts seems to be sufficiently full for the purposes of this case." In *Wilcox v. State,* 46 Neb. 402, contempt for refusing to be sworn and refusing to testify, it was held that the judgment was fatally defective in failing to set forth that the witness refused to affirm as well as to be sworn. *Poertner v. Russel,* 33 Wis. 193, contempt for violating an injunction, held that the record sufficiently showed the particulars in which the injunction had been violated in specifying that they had "violated the aforesaid injunction and order." In *Commonwealth v. Perkins,* 124 Pa. 36, a commitment for contempt was held to be insufficient because "it wholly fails to show the nature of the contempt." *Ex Parte Rowe,* 7 Cal. 181, holds that "refusing to answer certain questions propounded to the witness by the grand jury" was insufficient description of a contempt "because it does not appear whether the questions were legal or not." In *People v. Court of Sessions,* 147 N. Y. 290, the commitment merely showed that at the day named the parties in the case appearing in person and by counsel and after hearing counsel the court "did determine and adjudge" that the relators were "guilty of criminal contempt of court." The contempt consisted in publishing newspaper articles reflecting upon the trial court. The New York statute, which was like our own, contained "no new doctrine," the general rule being that "no person shall be punished for contempt of court, which was a criminal offense, unless the specific offense

charged against him was distinctly stated." The commitment was held to be insufficient in failing to set forth the articles. In *Ex Parte Rickert,* 126 Cal. 244, the alleged contempt consisted in instructing the secretary of a corporation defendant in the case before the court not to produce certain books which the court had ordered him to produce. The commitment was not accompanied by an affidavit, as required by statute, showing the facts constituting the contempt, and therefore the petitioner was discharged.

It is true that fighting in court may be justified by various circumstances but in order that the mittimus should set forth circumstances showing that it was unjustifiable on the theory that fighting is in itself blameless, a comprehensive and elaborate recital would be required such as is not used in any indictment charging "an affray by fighting." It would be immaterial and would not be averred in such indictment whether fists or pistols were used or that the person indicted was not brought into the affray for the purpose of self protection, while a verdict of guilty would imply that no justification was shown. The fighting under the circumstances set forth in the mittimus was prima facie culpable, and while the statute requires that in review of a commitment for contempt "No presumption of law shall be made in support of the jurisdiction to render such judgment or pronounce such sentence or order such commitment" (Sec. 3073 R. L.), a negative is not required to be averred or proved, nor does the statute require the particularity of statement of an indictment at common law. It is not necessary even in an indictment under our statute to aver that the act charged was done "with force and arms" or "against the peace." Sec. 2831 R. L.

And so "On the general principle that it is unnecessary to deny that which the other side would properly affirm in defence, it is well settled that an indictment for a statute offence need not negative the provisos, or show that the defendant is

not within the benefit of the exceptions in the distinct clauses of the statute." *King v. Hulu,* 3 Haw. 82.

In looking at the acts enumerated by the statute, Sec. 3069 R. L., as punishable contempts, it would seem that a warrant of commitment reciting a judgment of contempt by "open resistance to the process of the court" would require that the process be mentioned but not enumeration of facts showing "open resistance," while for contempt by "insulting, contemptuous, contumelious, disrespectful or disorderly language, behavior or act, or breach of the peace, noise or other disturbance," the language, behavior, act or circumstances of the disturbance ought to be specified. Contempt by refusing to answer any. legal and proper interrogatories ought to show what they were, and so of "publishing animadversions on the evidence or proceedings in a pending trial tending to prejudice the public respecting the same, and to obstruct and prevent the administration of justice" in order that it may appear whether as a matter of law they would so tend. So of "malicious invectives against a court or jury tending to bring such court or jury, or the administration of justice into ridicule, contempt, discredit or odium," they should be named for the same reason. Fighting would be "disorderly behavior, noise or other disturbance in the presence of the court."

It cannot be said of such conduct that it is "necessarily innocent or justifiable." *People v. Hackley,* 24 N. Y. 78; *Ex Parte Senior,* 37 Fla. 1 (32 L. R. A. 135).

In any way of looking at this matter we think that the mittimus sufficiently sets forth facts and circumstances which constitute a direct contempt of the court and we therefore answer question 2 in the affirmative.

(3) The argument that the petitioner ought to have been allowed to prove his averments that the conduct for which he was held in contempt was a justifiable defense of his person is based on the assumption that this would not be contradicting the adjudged fact that he took part in a fight but would merely

supplement the record by showing such additional facts, not contradicting it, as would exonerate him.    This contention could be sustained in no other way than by regarding the conduct set forth in the mittimus as blameless or at the least as having a negative character.    However it might be regarded under other circumstances or in other than the peaceful, guarded surroundings of a court of justice, as, for instance, in case of an ordinary street fight, the taking part in a fight in court during the progress of a trial is necessarily of a positive character, requiring justification, and not prima facie innocent or colorless conduct.    In *Ex Parte O'Neal*, 125 Fed. 967, the relator was held for contempt in resisting an officer of the federal court in the execution of its orders.    The additional facts allowed to be presented to supplement the record "do not materially change the status of the case" as "it would seem to be immaterial whether at the time of the resistance the court was actually in session with a judge present in the district, or whether the place of resistance was forty or four hundred feet from the actual place where the court was usually held."

But the facts which the petitioner offered to show would contradict the record in so far as they remove culpability from the act which had been held to be a contempt.    If the court had termed the petitioner's conduct disorderly behavior by taking part in a fight evidence would not be allowed to show that the behavior was not disorderly.

In habeas corpus a retrial of facts is never allowed, the questions for consideration being whether the court had general jurisdiction, which was not exceeded, and whether the facts stated in the warrant show that an offense of contempt was committed.    Question 3 is answered in the affirmative.

Order appealed from affirmed.

*R. P. Quarles* (*C. W. Ashford* with him on the brief) for petitioner.

*F. W. Milverton, Deputy Attorney County of Oahu,* for respondent.