In re Holt, 20 Haw. 255.

IN THE MATTER OF THE GRAND JURY DULY IM-
PANELED AND SWORN IN AND FOR THE CIR-
CUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
TERRITORY OF HAWAII.

MOTION TO DISMISS WRIT OF ERROR.

ARGUED OCTOBER 17, 1910.                    DECIDED OCTOBER 21, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*contempt*—*order to appear and answer before grand
jury.*

An order to appear before the grand jury on a day stated and
answer a certain question upon the pain of being adjudged guilty
of contempt is not reviewable on a writ of error.

OPINION OF THE COURT BY HARTWELL, C.J.

The grand jury for the 1910 term of the first circuit court
presented to the first judge an indictment of James L. Holt
for embezzlement, which was filed February 17. Upon ar-
raignment, February 21, his plea was reserved for February
26. On March 5, no plea having been taken and the case
having been assigned to the third judge, the defendant moved
to quash the indictment on the grounds that five who voted
for the indictment had been unlawfully summoned as grand
jurors and that, as he was informed and believed, there were
"but twelve votes cast in favor of finding said indictment." An
exception to the denial of the motion was allowed, the question
of the legality of the grand jury was brought here upon
an interlocutory bill and the exception was overruled. (20
Haw. p. 240.) March 23 the grand jury laid before the judge
a report and presentment that while investigating the source
from which Holt obtained information concerning their secret
deliberations and proceedings and in what manner the pro-
ceedings had been divulged, they called Holt who refused,
when asked, to say from what source he secured the informa-
tion, wherefore they requested the court to take action to com-

pel him to answer their question. He was cited to appear March 26 to show cause why he should not answer or be punished as for a contempt of court for failure to do so. April 1 he moved to quash the presentment and report of the grand jury and to vacate the citation on the grounds that the matter was not cognizable by the grand jury; that it was not an offense for any one to state the information; that there was nothing in the report to warrant holding him in contempt; that the citation was improvidently issued; that under Sec. 83 Organic Act the supreme court of Hawaii had no power to prescribe the form of oaths for grand jurors, and that it did not appear that he had received the information from any member of the grand jury or that any rule of court, statute or law was violated in giving it. The motion having been overruled Holt filed an answer in whch he admits that he refused and still refuses to answer the questions, giving as reasons the grounds stated in the motion to quash, with the additional reasons that the answer would compel him to be a witness against himself in a criminal case contrary to the fifth amendment and might tend to incriminate him either in respect of the embezzlement charge or a charge of being principal or accessory to the disclosure of a grand jury secret or both. The judge was of the opinion that the question related to a proper matter of investigation by the grand jury and that to answer it would not tend to incriminate either in respect of the charge of embezzlement or of any charge which might arise out of the investigation, and May 23 made an order that Holt "appear before the grand jury of the first circuit, now impaneled, at its next session, to-wit, on Wednesday, May 25, 1910, at 10 a. m., and then and there answer the question in said report and presentment set forth upon the pain of being adjudged guilty of contempt of this court." On May 23 Holt sued out a writ of error to this order, praying that it be reversed for error. October 6 the Territory applied for leave to file a motion to dismiss the writ on the ground that it does not lie. The

application was resisted by Holt on the ground of laches, but it appearing that there had been several continuances by agreement and that at one time it was supposed by both sides that the writ might be dismissed by the plaintiff in error, leave was granted to file the motion which has been argued with care.

The Territory contends that as Holt has not disobeyed the order to appear before the grand jury and answer and no adjudication of contempt has been made or would be made if he obeyed the order .or if the judge upon reconsidering should, vacate it, the writ was premature. In support of the motion decisions are cited that under a statute that a final judgment in a special proceeding is appealable, conditional judgments of contempt requiring further action to become absolute, are not appealable, as for instance, *Brinkley* v. *Brinkley,* 47 N. Y. 40, 47, and *Semrow* v. *Semrow,* 26 Minn. 9, 10.

The plaintiff in error seeks to meet this contention by showing that by the law as settled in *In re Anin,* 17 Haw. 337; *In re Mills,* 19 Haw. 88, 94, as well as in *Onomea Sug. Co.* v. *Austin,* 5 Haw. 604, 607, a final judgment of direct contempt is not appealable. Therefore, as he insists, the order to answer under penalty of being adjudged guilty of contempt is final in its nature and effect, citing *Barthrop* v. *Kona Coffee Co.* 10 Haw. 398, 400, in which the court said: "It is difficult, perhaps impossible, to define accurately what is or what is not a final decision for the purpose of appeal. A 'final' decision for this purpose is not necessarily in every instance the 'last' decision in a case. The effect of a decision would seem to be a better test of its finality than the stage at which it was rendered." He also relies upon *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, 338, under the act of March 3, 1891, 26 Stat. 826, and the act of January 20, 1897, 29 Stat. 492, giving to circuit courts of appeal appellate jurisdiction to review by appeal or writ of error final decisions in all cases arising under the criminal laws. Therefore, as there was no longer ground for refusing to review contempt cases under the common law rule

previously in force, the court held: "Considering only such cases of contempt as the present—that is, cases in which the proceedings are against one not a party to the suit, and cannot be regarded as interlocutory—we are of opinion that there is a right of review in the Circuit Court of Appeals. Such review must, according to the settled law of this court, be by writ of error." *Ballmann* v. *Fagin,* 200 U. S. 186, 192, is also cited, in which a writ of error was issued by the U. S. supreme court to a judge of an U. S. district court committing the plaintiff in error for contempt. It is suggested that possibly the decisions in *In re Anin* and *In re Mills* would have been different if these cases had been brought to the attention of the court.

The Territory replies that as the legislature has authorized appeals from judgments of indirect contempts only, and therefore by implication has declined to modify the common law rule which does not allow appeals from judgment of direct contempt, the court would not be justified in permitting an appeal from an order of this kind, which is taken prior to final adjudication, for the avowed purpose of accomplishing that which the statute does not authorize. When the attorney for the Territory was asked by the court whether an order to pay temporary alimony, which in *Dole* v. *Gear,* 14 Haw. 554, was held to be appealable, can be distinguished from the order in this case, he answered that it was unlike this order to answer, because the money, if paid, might not be recoverable if the order should finally be held to be unlawful. This is not, however, a distinction in the appealable nature of the orders since pending an appeal from an adjudication of contempt for refusal to answer no harm could result.

We are not prepared to disturb the rulings of this court upon the non-appealability of judgments of direct contempt, for our statute upon the subject, unlike the U. S. Statute, leaves the common law on the subject unmodified.

It may be observed that in *Dole* v. *Gear,* supra, an appeal

was taken from an order to pay temporary alimony in an equity suit for maintenance, to which the defendant had demurred on the ground that there was no such jurisdiction in equity, which was the preliminary and main question. The next question, namely, whether an order of temporary alimony was necessarily incidental to the exercise of jurisdiction presented no difficulty and also met an affirmative answer. That the order was appealable under the general statute of appeals, being as final an order as could be made on the subject, was obvious, and hence the court said, "The order is the final one for the purpose of appeal under the statute and we cannot make law by creating an exception to the statute." (14 Haw. 567.) It is obvious that there was no non-finality in that order such as there is in the order in this case. To hold this order to be final for the purpose of appeal because an adjudication of contempt, if made, would not be appealable, is to make the existence or non-existence of a further remedy the test of its finality. But the non-final nature of an order is not determined by the fact that if it merges into a final adjudication the latter is not appealable since until the adjudication the order remains subject to be reversed by the judge or complied with by the party, who, until he disobeys it and is held to be in contempt, is not harmed. Moreover, the order, if unlawful, does not deprive him of any remedy which the law may afford or which the legislature has seen fit to grant.

In the cases cited by the plaintiff in error there was a final adjudication of contempt and the question of its non-finality did not arise.

This order does not bear the indicia of finality or terminate the litigation. As above stated, the judge may reverse the order before the time set for compliance or the appellant may comply with it. The grand jury, whether because of the lapse of time or of a change in its personnel or of the recent decision that the five additional grand jurors who attended the meeting at which the indictment was found were lawfully

drawn, may deem further investigation into the matter or insistence upon an answer unnecessary, and may withdraw the question. In any of these events, no judgment being pronounced against appellant, he would suffer no harm. If, however, both court and grand jury should insist on an answer, and it should be required by this court on appeal and be given, questions might be asked by the grand jury relating to the source and the manner of the disclosure. An appeal from each order requiring an answer would result in an oscillation of the case between the courts. *Prov. Gov't.* v. *Ah Un,* 9 Haw. 164, 165; *Prov. Gov't.* v. *Hering,* Ib. 181, 187; *Queen* v. *Poor,* Ib. 218, 219; *Estate of Banning,* Ib. 357, 358, 359. The mere fact that the order is in violation of constitutional rights of appellant does not render it final and appalable any more than an order to a defendant or other witness claiming similar immunities in the course of an ordinary trial.

To hold that while an adjudication of direct contempt is not appealable, an order to answer or be adjudged in contempt is appealable, would be to open the door to all the objections on which the common law rule is based, such as interference with orders of the court, whether made to uphold its own dignity or to enforce its judgments or decrees, provided they are within the clear discretion of the court, and delaying trials upon every claim of constitutional right. It is far from clear that any question was submitted in the motion to vacate the citation or in the answer which would not have been reviewable in habeas corpus. If, as claimed by the plaintiff in error, the grand jury had no authority to investigate the matter or if his answer would have incriminated him, he would probably have been released on habeas corpus. But however this may be we cannot avoid the conclusion that the motion to dismiss the writ should be granted.

Writ dismissed.

*J. W. Cathcart, City and County Attorney,* for the motion.
*S. M. Ballou* contra.