STATE OF HAWAII, Plaintiff-Appellee, *v.* MELODY L. TAYLOR, Defendant-Appellant

NOS. 5628 and 5629

MARCH 6, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA AND MENOR, JJ., AND CIRCUIT JUDGE SODETANI ASSIGNED BY REASON OF VACANCY

*Per Curiam.* The defendant was charged with having violated the provisions of Section 1200 of the Hawaii Penal Code. An appearance bond in the sum of $250 was posted in her behalf.

On January 4, 1974, she was arraigned in district court and instructed by the presiding judge to return for trial at 8:30 a.m. on January 28, 1974. While professing to have been waiting for her counsel outside of the courtroom at the appointed time, she did not respond when her case was called at 8:30 a.m. and again at 8:50 a.m. As a result, the court ordered the forfeiture of her appearance bond. At 9:10 a.m. the defendant, together with her counsel, appeared before the presiding judge and moved to have the order forfeiting bail set aside. This motion was denied. At 10:10 a.m. she again appeared before the court at which time she was adjudged guilty of contempt of court for her failure to appear as originally directed, and fined $50.00. Court was adjourned following the disposition of other cases pending before the district judge. The defendant appeals.

The order for bail forfeiture will be set aside. The defendant made her appearance *before* the adjournment of the court. *See* HRS § 709-17. The adjudication of contempt and the sentence imposed therefor will be allowed to stand.

204

The conduct of the defendant was a direct contempt of court under HRS § 710-1077(3) (a) (Supp. 1974) and as such is not subject to review by direct appeal. HRS § 710-1077(5) (Supp. 1974). *See also State v. Pokini, In re Bettencourt,* 55 Haw. 430, 521 P.2d 668 (1974); *In re Oxiles,* 29 Haw. 323 (1926); *In re Holt,* 20 Haw. 255 (1910); *In re Mills,* 19 Haw. 88 (1908); *In re Anin,* 17 Haw. 336 (1906); *Onomea Sugar Co. v. Austin,* 5 Haw. 604 (1886).