REQUESTED BY: Senator Franklin L. Lewis, Co-Chairman, LR 119 Interim Study Committee, Nebraska State Legislature, Lincoln, Nebraska.
1. Where a witness not under oath is testifying before a properly convened Legislative Council committee, and at some point refuses to testify further, does said committee have the authority to compel further testimony, and if so, what action can be taken if the witness refuses to testify further? What action can said committee take in a similar situation but where the witness has been placed under oath?
2. Can such Legislative Council committee compel the testimony of a witness who is not subpoenaed to testify, but who appears at a properly convened committee session as a spectator or observer?
1. A witness who refuses to testify further can be compelled to do so by contempt proceedings in the district court. If not previously sworn or affirmed, the witness should be requested to take the oath or affirmation, refusal of which is grounds for contempt proceedings. If previously sworn or affirmed, refusal to testify further upon request is likewise grounds for contempt proceedings.
2. Yes, but only if the witness refuses to be sworn or affirmed, or to testify after being sworn or affirmed.
1. Sections 50-406 and 50-407, R.R.S. 1943, bestow on the Legislative Council and its committees the authority to administer oaths, issue subpoenas, compel the attendance of witnesses, and produce papers, books, accounts, documents, and testimony, and to cause the depositions of witnesses to be taken. These provisions further establish the duty of the district court, on application of a member of the council, to institute contempt proceedings against any person who fails to comply to requests made by virtue of that authority in the same manner as the court would if such refusal occurred in a matter before it.
The Nebraska Supreme Court early established in Wilcoxv. State, 46 Neb. 402, 64 N.W. 1072 (1895), that the refusal to be sworn or affirmed is a ground for contempt separate from the refusal to testify after being sworn or affirmed. Remembering that the action that a Legislative Council committee can take to compel obedience to its requests are the same as that which the court could take, sections 25-2121, R.R.S. 1943, must be noted. That section provides that the court has the power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of contumacious and unlawful refusal to be sworn or affirmed as a witness, and when sworn or affirmed, refusal to answer any legal and proper interrogatory.
In light of Wilcox v. State, supra, these statutes taken together set out the appropriate course of action for a Legislative Council committee to take upon encountering a witness who refuses to testify further. If not previously sworn, said committee should request that the witness be sworn or affirmed, and if he refuses, contempt proceedings can be brought in the district court. If said witness has been sworn or affirmed, and subsequently refuses to testify, contempt proceedings can be brought in the district court.
As a practical matter, in either situation a request by the committee that the witness be sworn or affirmed is a condition of bringing contempt proceedings. Against this background, a reexamination of the current practice of not swearing witnesses who appear before Legislative Council committees might be prudent.
2. The authority on the question of the power of such a Legislative Council committee to compel the testimony of a witness who appears before it as a spectator or observer is not voluminous, but it is clear and has stood the test of time. Where a person is present in court he can be called and forced to testify without subpoena, and this is true as to a third party, as well as to a party to the suit. Exparte Hall, 90 Okla. 231, 122 P.2d 1005 (1942). See also,Leckie v. Scott, 10 La. 412, and Hawson v. MarleneBlouse Corp., 106 N.Y.S.2d 774.
Remembering, again, that such a committee can compel obedience to its requests by proceedings for contempt which the court would treat in the same manner as if the disobedience had occurred in a matter before it, such a committee may compel persons in attendance at its properly convened sessions or hearings to come forward and testify. Consistent with the above, failure to come forward upon such request and be sworn or affirmed, or failure to testify after being sworn or affirmed, would be grounds upon which contempt proceedings could be initiated.