## THE PEOPLE, ex rel. Lovett, vs. ROGERS.

Manner of proceeding where a defendant is brought into court on an attach-
    ment for a contempt.

Where, from the answer of the parties to the interrogatories filed, it appeared
    that he was in contempt for refusing to obey an order to deliver over certain
    property to a receiver, he was ordered to be committed to close custody
    until he complied with the former order of the court and paid the costs of
    the proceeding.

The costs which the party is bound to pay must be specified in the order of
    the court and in the mittimus.

Form of an order of commitment for a contempt.

Where a party perseveres in his refusal to deliver over property to a receiver
    the property may be sequestered, and his servants and agents, &c. will be
    prohibited from delivering it to him or applying it to his use on pain of
    contempt.

THE defendant in this case was borught up on an attach-    March 25th.
ment for a contempt in not complying with an order of the
court directing him to deliver over his property upon oath to
a receiver.   The prisoner being in the custody of the sher-
iff of the city and county of New-York in execution on civil
process, a habeas corpus was issued to bring him into
court.   Upon the prisoner's being brought before the
chancellor, an order was entered directing the relators
to file interrogatories in relation to the contempt specify-
ing the facts and circumstances alleged against the de-
fendant, and to serve a copy thereof upon him; and
that the defendant put in written answers thereto upon
oath, and file the same with the register within twenty-four
hours thereafter.   In the mean time the sheriff was directed
to detain the defendant in custody, and attend with him from
day to day before the chancellor, until the further order of
the court.   The defendant having put in his answers to the

interrogatories, the parties were heard before the chancellor by their counsel in relation to the alleged contempt.

*H. Bleecker,* for the relators.

*R. M. Blatchford,* for the defendant.

THE CHNCELLOR decided that the defendant was in contempt; and, as it appeared he was a prisoner in execution on civil process, that he must be remanded to the prison in New-York, on the habeas corpus; that for the contempt he must be committed to the common gaol of the city and county of New-York, and be confined therein, in close custody, until he complied with the former order of the court and paid the costs and expenses of the proceedings in relation to the contempt. (2 R. S. 583, § 23; 755, § 7.) And a process of commitment was directed to be issued under the seal of the court.

The order recited the former order of the court and the proceedings thereon; showing the contempt of the defendant, the issuing of the attachment and habeas corpus, and the proceedings thereon; the adjudication of the court that the defendant was guilty of a contempt in neglecting and refusing to obey the former order, and that such misconduct of the defendant was calculated to and did actually impair, impede and prejudice the rights and remedy of the relators in their suit. The order then directed the defendant to be committed to the common gaol of the city and county of New-York until he should comply with the former order of the court, (specifying particularly what was to be done) and pay the costs of the proceedings; and that a process of commitment issue accordingly.

The chancellor also decided that the costs of the proceedings should be taxed immediately; and that the amount thereof must be specified in the order and mittimus. He also decided that the relators might have an order, in the original cause, to sequester the property and effects of the defendant and deliver them over to the receiver; and to prohibit all persons who had any such property or effects in their possession or under their control, or who were indebt-

ed to the defendant, from delivering the said property or effects or paying such debts to him or to his order, or applying the same to his use after publication of notice of the order on pain of contempt.