# SUPREME COURT.

## The President, Directors and Company of the BANK OF GENESEE agt. BURRAL SPENCER, impleaded.

To get rid of an order improperly made by a judge at chambers, the remedy is by *motion* to the *court* to set it aside.

A judge at chambers has no power to make an absolute, indefinite and continuing order, either to set aside or stay proceedings.

At most he has only power to stay the proceedings for a time, as until the next term, or until a rule *nisi* has been applied for, so as to afford an application to the court.

And this rule applies to proceedings supplementary to execution. The judge before whom these proceedings have been instituted and are pending, including a county judge, has sole and exclusive jurisdiction over them until they are finally disposed of.

No other judge or officer at chambers can have any power to come in and stay such proceedings by a general order, upon terms. It belongs to the duties of a judge sitting as a *court*, and not at chambers.

*Seventh District General Term, September,* 1857.

*Present,* JOHNSON, STRONG *and* SMITH, *Justices.*

THIS was a proceeding before the county judge of Genesee county, supplementary to execution. A reference was ordered for the examination of the defendant. From this order, the defendant appealed to the general term, where the order was

The Bank of Genesee agt. Spencer.

affirmed.   The defendant thereupon appealed to the court of appeals, and the appeal was there dismissed.   The defendant then moved to set aside the execution, on which the proceeding was founded, on the ground that more than five years had elapsed since the rendition of judgment, and no leave to issue it had been granted by the court.   This motion was also denied at special term, and the general term in the 8th district affirmed the decision on appeal.   The defendant appealed from this decision to the court of appeals, where the matter is still pending.   After this last appeal the defendant procured an order from Mr. Justice MULLETT, at chambers, on an order to show cause, staying all proceedings before the county judge until the decision of the appeal in the court of appeals, on condition that the defendant should, within twenty days, file security in the office of the clerk of Genesee county, in the penalty of $4,500, conditioned that in case the appeal should be determined against the defendant in the court of appeals or dismissed, he would appear before the referee appointed, or pay the damages which might accrue to the plaintiffs by his failure to appear, or by any disposition he might make, or any incumbrance upon his property in the meantime, liable to be reached by such proceeding.   The order allowed the county judge to adjourn the proceeding upon the reference until the decision of the appeal in the court of appeals.   From this order the plaintiff appealed to the general term.   On the hearing at the general term in the 7th district, in March, 1857, the appeal was dismissed, on the ground that the remedy was by motion to set aside the order as irregularly and improperly granted.   The plaintiff then moved at a special term held in the 8th district to set aside the order.   This motion was there denied, on the ground that the remedy was by appeal, and not by motion to set aside.   From this order the plaintiff appeals to the general term.

J. L. BROWN, *for plaintiff.*
W. H. GREEN, *for defendant.*

By the court—JOHNSON, Justice.   A judge at chambers

The Bank of Genesee agt. Spencer.

cannot make an absolute indefinite and continuing order, either to set aside or to stay proceedings. At most, he has only power to stay the proceedings for a time, as until the next term or until a rule *nisi*, has been applied for, so as to afford a party an opportunity of applying to the court to set them aside, or stay them generally. (3 *Chit. Gen. Prac.* 26; *Tidd,* 511.) We do not understand that the Code of Procedure has enlarged the powers of judges, at chambers, except in cases specially provided for. The general distinction between term and chamber duties is still retained in our practice. And whether these supplementary proceedings are proceedings in the original action, or are special proceedings, founded upon the judgment and return of the execution unsatisfied, it is quite obvious that a general stay by another judge, at chambers, must fall within the general rule. The judge before whom the proceedings had been instituted, and were then pending, had sole and exclusive jurisdiction over them, until they were finally disposed of; and it must be apparent, we think, that no other judge or officer, at chambers, could have any power to come in and stay such proceedings by a general order, upon terms. The order in question suspended the proceedings entirely, on terms, until an appeal from an order, in a distinct and separate proceeding, should be disposed of by the court of appeals. This, we think, is a power which a court alone could exercise. It belongs to the duties of a judge sitting as a court, and not at chambers.

He might, we think, at chambers, have granted a stay, until an application could be made to the court, for such an order as he undertook to make, but this would be the extent of his power. To get rid of an order improperly made by a judge at chambers, the proper practice is, to move the court to set it aside. The special term erred, we think, in refusing to set aside the order in this case. The order of the special term must therefore be reversed, and an order entered, vacating the chamber order, with ten dollars costs of appeal.