# SUPREME COURT.

## Truman DeWitt agt. John Dennis.

The affidavit of the *attorney* that an order in supplemental proceedings was personally served by the sheriff, is not evidence of due service, so as to authorize the judge to grant an attachment against the judgment debtor for disobedience of it.

It is not sufficient to authorize the granting of an attachment to state in the affidavit that some of several successive orders have been duly served.

If upon being brought before the judge, the defendant does not admit the contempt as charged, it is irregular to commit him for disobedience of the original order before obtaining his written answer touching the same. If the defendant improperly refuses to answer the interrogatories, the order of commitment should specify such refusal as the misconduct complained of. But before he is adjudged guilty of contempt, he should be furnished with a copy of the interrogatories if he require it, and sufficient time given him to prepare his answer.

The order of commitment is void unless it designates the particular misconduct of which the defendant is convicted.

*Syracuse Special Term, June,* 1864.

Motion to set aside attachment, and all subsequent proceedings. The defendant was committed by an order of the county judge of Cayuga county, for refusing to answer interrogatories touching his disobedience of certain orders, requiring him to appear before the referee and answer concerning his property, as well as for his misconduct in not appearing before the referee as required by said orders, without specifying which. No copy of the interrogatories was furnished to the defendant, although demanded. The proceedings prior to the order of commitment are substantially detailed in the opinion of the court.

George Rathbun, *for the motion.*

J. R. Cox, *opposed.*

Morgan, J. Before an attachment issues to bring the defendant before the judge for disobedience of an order requiring him to appear before a referee and submit to an examination as to his property, it must be made to appear

that the order is lawful (2 *R. S.* 534, § 1, *sub.* 3); that is, such an order as the judge is authorized to make, and that it has been duly served (*Code,* § 302). The manner of ser-. vice should be stated, so that the judge can see that it is duly served. The service of papers prescribed by the Code does not apply (§ 418). The affidavit of the attorney, Mr. Cox, specifies several such orders without giving copies of any of them, and states that certain of them were personally served by the sheriff. This was not sufficient proof. (*See* 4 *Sandf. S. C.* 630 ; 9 *How.* 425.) It does not appear that the attachment issued upon any other proof of the service of the orders. If this objection had been specifically taken upon the return of the attachment, I think it would have been fatal. Whether the defendant must be considered as having waived it by not taking the objection, admits of some doubt. But if it is conceded that the defendant was properly brought before the judge upon the attachment, he could only be punished in case he was found guilty, after his answer to the interrogatories had been taken (2 *R. S.* 537, § 19). The interrogatories must be filed, and the answer thereto obtained, before the judge can make a final order, unless the defendant upon being brought before him admits the contempt as charged (9 *Paige,* 372). And although it is perhaps sufficient to file the interrogatories with the judge, a copy should have been served upon the defendant, and he should have been granted a reasonable time to put in written answers upon oath. (2 *Paige,* 103 ; 2 *Barb. Pr.* 276, 277.) If he refused to put in written answers after a copy had been served upon him, within the time granted, the judge, instead of committing him for the alleged original disobedience of the order to appear and answer concerning his property, should have committed him for contempt in not answering the interrogatories, and might have imprisoned him until he had answered. And it was irregular to convict him of contempt for disobedience of the original order before such

written answers had been obtained. (9 *Paige*, 372; 2 *Barb. Ch. Pr.* 277.) It is probable that the judge regarded the defendant's refusal to answer the interrogatories, and his objections thereto, as an admission that he had wilfully disobeyed the original orders. If he in fact admitted the misconduct charged, he should not have been punished for refusing to answer the interrogatories. To prevent any misapprehension in regard to what takes place before the judge in these summary proceedings to bring a party into contempt for disobedience of his lawful orders, every direction should be put into writing, so that the defendant may be able to know what it is he is required to do. I doubt whether the verbal direction given in this case, to answer interrogatories within a given time, is such a lawful order as comes within the meaning of the statute authorizing the judge to punish the defendant for disobedience. At least it should be put into writing before it can be invoked to sustain a conviction for disobedience of it.

It is, perhaps, enough to authorize the granting of this motion, to hold that the order of conviction is irregular, for adjudging the defendant guilty of a contempt before his answers were obtained to the written interrogatories. The order, however, convicted him of two contempts, when he could not be convicted of the original contempt until he had answered, except upon the ground that he had admitted it; and in case he admitted it, he could not be convicted of a contempt for not answering. I will observe, however, that I am of the opinion that the order of conviction is not sufficiently definite and specific, and does not properly describe the particular misconduct for which he is convicted. It was improper to include these several orders, and convict him of a general disobedience of all of them. One sufficiently described, would have been enough, if it had been duly served.

The attachment, and all subsequent proceedings under

it, should be set aside for irregularity, with $10 costs of motion. It seems that this is the proper remedy in such a case (15 *How. Pr. Rep.* 14).

Ordered accordingly.