By the Court.—Curtis, Ch. J.
—Thomas J. Barr, as receiver, was directed by an order of the court, made June 14, 1870, to reserve certain proceeds of the partnership property and effects of the late firm of A. Bininger & Co. to satisfy the lien thereon of the respondent George N. Titus. On April 16, 1877, the receiver was ordered to pay from such proceeds to the respondent $4,254.06 to satisfy the still existing lien thereon to that extent. The receiver disobeyed this order, and has been adjudged guilty of a contempt for refusing to make such payment.
The long delay, and the unauthorized use made by the receiver of these proceeds, and his refusal to account for and pay over the same, as directed by the order of the court, renders it the duty of the court to protect this fund from waste and loss by reason of the unlawful acts of the appellant, who only held it in his ■official capacity as a receiver appointed by the court.
The order appealed from is a proper exercise of the power of the court to protect this property. Its purpose is to arrest the further waste of the property in this receiver’s possession, or in possession of the corporation with which he has deposited it, or its representative. It is in accordance with the usual course, .and necessary for the protection of property, which the court holds through receivers pending the determi *348 nation of the rights of parties and claimants (People v. Rogers, 2 Paige, 103; § 1241, New Code).
There is nothing in the papers that shows that the order appealed from incapacitates or hinders the receiver from complying with the order of April 16, 1877, directing the payment to the respondent of the proceeds in question, or purging himself of the contempt of which he was adjudged guilt, August 7, 1877. The order appealed from was not made until December 3, 1877, and long after such disobedience and adjudication, and was made simply for the preservation and due application of such remaining portion of the fund as had not been drawn out and received by the appellant from the representative of the Bowling Green Savings Bank.
The order appealed from should be affirmed with costs.
Freedman, J., concurred.