*In re* THOMAS A. MOXCEY, *Petitioner.*

No. 760.   (59 Pac. 672.)

PRACTICE, DISTRICT COURT—*Contempt Proceedings—Insufficient Record.* The designation of a motion filed by an attorney as "insulting and scandalous" is not sufficient, under section 12, chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1935), requiring the court, on adjudging one guilty of contempt without written accusation, to enter a judgment specifying the conduct constituting the contempt, but the language claimed to be insulting and scandalous should be set out.

Original proceeding in *habeas corpus*.   Opinion filed January 4, 1900.   Petitioner discharged.

*G. C. Clemens*, and *Jas. Falloon*, for petitioner.

*S. M. Brewster*, and *A. Perry*, for respondent.

The opinion of the court was delivered by

WELLS, J. :   The applicant, Thomas A. Moxcey, is a practicing attorney at law residing at Atchison, Kan., and practicing in the several courts of Kansas.   He was, on November 3, 1899, fined by the district court of Doniphan county twenty-five dollars for contempt of court in preparing, filing and presenting a certain insulting and scandalous motion, entitled "Supplementary motion for a new trial," in the case of The State of Kansas against Frank W. Elliott for criminal libel, pending in said court, and was ordered confined in the county jail until said fine should be paid.   To inquire into the legality of such commitment this proceeding was instituted.

To the writ of *habeas corpus* issued in this case the sheriff of said county made return that he held the applicant by virtue of an order of commitment made by said district court, of which the following is a copy :

"*In the District Court of Doniphan County, Kansas.*

"THE STATE OF KANSAS ⎫
     v.         ⎬
  T. A. MOXCEY. ⎭

"In the matter of the contempt of T. A. Moxcey, November 3, 1899, at the adjourned term of the regular September term, 1899, of said court.   This matter came on for hearing on the 3d day of November, 1899, upon the order of the court for the said T. A. Moxcey to show cause why he should not be punished for contempt of court in preparing, filing and presenting to the court a certain insulting and scandalous motion,

entitled "Supplementary motion for a new trial," in the case of The State of Kansas against Frank W. Elliott for criminal libel, pending in said district court of Doniphan county, Kansas. And on hearing of said order, the said T. A. Moxcey being duly heard and he showing no cause why he should not be punished for contempt of court in preparing, filing and presenting said motion to said court, and he making no apology for said act, the court doth adjudge the said T. A. Moxcey guilty of contempt, and doth adjudge as a punishment therefor that he pay to the clerk of said court the sum of twenty-five dollars, and that he stand committed to the jail of said Doniphan county, Kansas, until said fine is paid. And the sheriff of said county is ordered to take said T. A. Moxcey into his custody and keep him confined in said jail until said fine is paid."

The punishment ordered was adjudged as for a direct contempt without written accusation. Section 12 of chapter 85, General Statutes of 1897 (Gen. Stat. 1899, § 1935), reads:

"A direct contempt may be punished summarily without written accusation against the person arraigned, but if the court shall adjudge him guilty thereof, a judgment shall be entered of record in which shall be specified the conduct constituting such contempt, with a statement of whatever defense or extenuation the accused offered thereto, and the sentence of the court thereon."

The evident intention of the legislature in enacting this section was, among other things, to require the judge or court, in the summary punishment of direct contempt, to make a record specifying the conduct constituting such contempt and the defense or extenuation offered by the accused, so as to enable all persons interested to decide upon the legality of the judgment. While the punishment is summarily inflicted, without written accusation and probably with-

out the necessity of the issue of a formal commitment, although this we do not decide, yet the law does expressly provide that a record shall be made which shall state the essential facts upon which the judgment was founded ; and to the contents of this record alone must we look for the authority to restrain the applicant from his liberty.

The record in the case before us charges the preparing, filing and presenting a certain insulting and scandalous supplemental motion.  What the words construed as insulting and scandalous were does not appear.

Proceedings for contempt are in the nature of criminal prosecutions, and the law relating thereto must be construed accordingly.  The designation of the motion as insulting and scandalous is not such a specification of the conduct constituting such contempt as is required by the law.  The language claimed to be insulting and scandalous should be set out, so that its nature and effect could be determined.

The petitioner will be discharged.