TWEDDLE *v.* JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

1. Contempt—Order—Statement of Offense.

An order or warrant of commitment for contempt, under 1 Comp. Laws, § 1101, which does not set forth the particular circumstances of the offense, may be vacated on *certiorari*.

2. Certiorari—Authority to Allow—Motion to Dismiss.

The objection that a writ of *certiorari* was improvidently issued may be considered on the hearing; but an objection that the officer allowing it had no authority to do so must be raised by a motion to dismiss, and not by the return.

*Certiorari* to superior court of Grand Rapids; Newnham, J. Submitted June 9, 1903. (Docket No. 51.) Decided July 14, 1903.

John J. Tweddle was adjudged guilty of contempt of court. Order vacated.

*John J. Tweddle, in pro. per.*

CARPENTER, J.   This is a *certiorari* to review contempt proceedings.   The following order constitutes the entire record in said proceedings:

"*In re* Contempt Proceedings against John J. Tweddle.

"In this cause, it appearing to the court that J. J. Tweddle has committed the offense of contempt of court, therefore it is ordered and adjudged by the court now here that said respondent pay a fine in the penal sum of five dollars ($5.00), and do stand committed to the common jail for the county of Kent until such fine is fully paid, and for a period not exceeding two days.   Whereupon, upon request of respondent, judgment was deferred until Monday morning at 10 o'clock."

The statute—section 1101, 1 Comp. Laws—in express terms requires the "particular circumstances" of the offense to "be set forth in the order or warrant of commitment."   The order of commitment under consideration does not set forth these circumstances, and is therefore defective.

The writ to review these proceedings was allowed by a circuit court commissioner of Kent county.   The point is made in defendant's return that such an officer has no authority to allow said writ, to review the proceedings of a superior court.   If it were contended that the writ was improvidently allowed, that objection would be considered on the hearing.   *Farrell* v. *Taylor,* 12 Mich. 113.   No such contention is made.   Indeed, the writ was not improvidently allowed.   The objection under consideration goes only to the regularity of the writ which was issued in this case.   That objection should have been brought to the attention of the court, not by the return, which puts the merits of the controversy at issue, but by a motion to dismiss.   We must decline, therefore, to consider it.

The order adjudging plaintiff in *certiorari* guilty of contempt must therefore be vacated.   No costs will be allowed.

The other Justices concurred.