HENRY FURRER ET AL., PLAINTIFFS, V. NEBRASKA BUILDING
& INVESTMENT COMPANY ET AL., DEFENDANTS.
FRANK E. SCHAAF V. STATE OF NEBRASKA.

FILED JULY 19, 1922. No. 21975.

1. **Contempt: PROCEEDINGS CRIMINAL IN NATURE.** "Proceedings for contempt of court are, in this state, in their nature criminal, and governed by the strict rules applicable to prosecutions by indictment; hence, presumptions and intendments will not in such cases be indulged in order to sustain judgment of conviction." *Beckett v. State,* 49 Neb. 210.

2. ———: ———: **ADVICE OF COUNSEL.** Advice of counsel will not serve generally as a shield to protect from punishment one who has violated the order of a court, but where the order said to have been violated does not in express terms forbid the action taken, and where the advice of counsel was honestly sought and in good faith given, and an examination of the record fails to disclose any substantial or wilful disobedience of the court's order, a conviction for contempt will not be sustained.

ERROR to the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Reversed and dismissed.*

*Burkett, Wilson, Brown & Wilson,* for plaintiff in error.

*Clarence A. Davis, Attorney General, Boehmer & Boehmer, Good & Good* and *Fred C. Foster, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.

Frank E. Schaaf, defendant, prosecutes error from a conviction of contempt of court. At the suit of certain stockholders a receiver was appointed for the two corpora-

(1)

tions, the Nebraska Building & Investment Company and the Nebraska Hotel Company, and it was ordered that defendant corporations and their officers should immediately upon the qualification of the receiver turn over and surrender to him "all of the assets and business, documents, securities, contracts and papers of all kinds belonging to the several corporations, so that the receiver may without hindrance or obstruction go into the complete possession of the same; that each and all of the defendants are enjoined and restrained from in any way interfering with the receiver in taking possession of the property and assets of the corporations, and from interfering in any way with the control and management of the matters over which his receivership extends by the terms of this order."

Defendant was president of each corporation and a member of its board of directors. It is charged that, notwithstanding this order, defendant, together with the other officers of each corporation, met together and, assuming to act as a board of directors for the Nebraska Hotel Company, authorized its president to vote on behalf of the company any stock owned or held by it in any other corporation in any meeting of the stockholders thereof for the election of directors or for the transaction of any other business, and adopted a resolution whereby the corporation admitted its inability to pay its debts and declared its willingness to be adjudged a bankrupt because of such inability, and that they adopted a similar resolution with reference to the Nebraska Building & Investment Company. The information alleges that at the time these resolutions were adopted defendant and the other persons assuming to act as the board of directors of the several corporations "were not in charge of, and did not have in their care and custody any of the assets or property belonging to said corporation, nor were they in charge or control or management of any of the business affairs thereof;" and alleges that at that time all of the assets, property and business affairs of the corpora-

tions had been delivered to and were under the control of the receiver theretofore appointed by the court. It is next alleged that thereafter certain persons claiming to be creditors of the companies, with these resolutions as a basis, made application to the United States bankruptcy court to have the corporations adjudged bankrupts. The information charges that the effect of the passage of these resolutions and the actions taken upon them was to hinder and delay the receiver in the management of the affairs of the corporations; that such conduct on the part of the several defendants was in disobedience of the order of the court and was a wilful attempt to interrupt the administration of justice and impede the proceedings of the court.

Defendants demurred to the information; the demurrer was overruled; whereupon an answer was filed, which admitted the adoption of the resolutions set out in the information and that petitions in bankruptcy were filed in the United States court for the district of Nebraska against the Nebraska Building & Investment Company and the Nebraska Hotel Company; explicitly denied that in passing the resolutions or in taking any other step any defendant had any intention of violating the order of the court; and alleged that each defendant acted in good faith and did what he believed he had a right to do and under the belief that the court by its order did not restrain, nor intend to restrain, them from passing the resolutions: "that before passing the said resolutions they were advised by their counsel, who had examined the decree of the court referred to, and said counsel advised them and each of them that they had a perfect right to pass said resolutions if they desired to do so, and that the passing of such resolutions would in no way be a violation of the order of the court."

Trial was had to the court, resulting in a judgment against each defendant. As to defendant Schaaf the court imposed a fine of $1,000, taxed him with one-third of the costs of the prosecution, and committed him to im-

prisonment in the county jail for 30 days.

Numerous errors are assigned, but because of the view we take of the record a review of the several assignments will not be made. It will be noted that the order which defendant is charged with violating does not on its face enjoin defendants from functioning as officers of the respective corporations, nor forbid their having recourse to the federal court. They are enjoined from interfering with the receiver in taking posession of the property or from interfering with his control and management of the matters over which his receivership extended. Had the court intended to restrain defendants from meeting as a board of directors of either corporation or from having recourse to any other tribunal, the intention might have been expressed in a few words; but such intention does not appear on the face of the order. Defendant expressly denied any intention to violate or evade the order of the court. And, indeed, the receiver's possession of the property and his control and management of the business were not disturbed.

"Proceedings for contempt of court are, in this state, in their nature criminal, and governed by the strict rules applicable to prosecutions by indictment; hence, presumptions and intendments will not in such cases be indulged in order to sustain judgment of conviction." *Beckett v. State,* 49 Neb. 210. Applying this rule to the instant case, we find an order which does not on its face forbid the commission of the acts charged. Out of an abundance of caution defendant and his associates submitted a copy of the court's order to men learned in the law and inquired if they might proceed to act as it has been shown they did subsequently act without violating the order of the court. This conduct does not indicate a wilful disregard of the court's order, but rather betokens a desire to obey the court and respect its decrees. Having been assured by their attorneys that the order did not, either in express or implied terms, forbid their meeting as a board of directors and adopting resolutions which might become the

foundation for a proceeding in the federal courts, defend-
ants took the action on which this prosecution rests.

Advice of counsel will not serve generally as a shield
to protect from punishment one who has violated the or-
der of a court, but where the order said to have been vio-
lated does not in express terms forbid the action taken, and
where the advice of counsel was honestly sought and in
good faith given, and an examination of the record fails
to disclose any substantial or wilful disobedience of the
court's order, a conviction for contempt will not be sus-
tained. See 13 C. J. 43, sec. 57, and cases cited in note.

The judgment of the district court, in so far as it affects
defendant Schaaf, is reversed and the proceeding dis-
missed.

REVERSED AND DISMISSED.