■    In the Matter of ANTONIO RODRIGUEZ et al., Petitioners, v ROBERT J.

FEINBERG, as County Court Judge of Clinton County, Respondent.—Proceeding pursuant to CPLR article 78 instituted in this court to review orders of the County Court, Clinton County, made February 27, 1975 which summarily adjudged petitioners in contempt of court for conduct committed in the presence of the court and committed them to 30 days in the Clinton County Jail. On February 27, 1975, after the jury returned a guilty verdict in the criminal trial of *People v Martin Sostre,* the petitioners and 20 to 30 other spectators at the trial rose to their feet and held clenched fists over their heads. Petitioner Antonio Rodriguez then read a prepared statement condemning the trial as a frame-up and an example of systematic oppression. After this statement was read, those who had risen to their feet began chanting "Free Martin" and other words to the same effect. Additionally, petitioners Thomas Wielopolski, Antonio Rodriguez and Victor Sanchez began shouting epithets, obscenities and vulgarities. The respondent requested all those who did not wish to be held in criminal contempt of court to leave the court room. The 12 petitioners refused to leave, and thereupon they were summarily held in criminal contempt of court. The record clearly demonstrates that the respondent properly adjudged petitioners guilty of criminal contempt of court committed in the court's presence. Considering all of the circumstances, however, we conclude that the sentences imposed on petitioners Antonio Rodriguez, Thomas Wielopolski and Victor Sanchez should be affirmed but as to the other petitioners the sentences should be reduced to the time already served. Orders modified, to the extent of reducing the sentence imposed in the cases of petitioners Marily Taub, Paul Singleton, Janine Migden, Patricia Murray, Joan Rice, Mark Cerasano, Elizabeth Boehner, Louis Cafone and Sylvia Rodriguez to the time already served, and, as so modified, affirmed, without costs. Kane, Larkin and Reynolds, JJ., concur; Greenblott, J. P., and Main, J., concur in part and dissent in part in the following memorandum by Greenblott, J. P. Greenblott, J. P. (concurring in part and dissenting in part). We are of the view that the prepared statement by petitioner Antonio Rodriguez denouncing the trial of Martin Sostre as a frame-up and the obscenities and vulgarities hurled at the trial court and jury by petitioner Wielopolski, constituted contumacious conduct. Such insults directed by spectators at the Trial Judge and jury have no place in a court of law, and criminal contempt is the appropriate remedy to combat such behavior. (*Mayberry v Pennsylvania,* 400 U.S. 455; *Illinois v Allen,* 397 US 337.) While the transcript clearly establishes that Rodriguez and Wielopolski were responsible for the behavior which has been attributed to them, we are confronted with a problem in that the warrant of commitment and the commitment order name the 12 petitioners as a group and attribute to them all the following actions: "Contumelious and contumacious conduct, including yelling, shouting, and chanting at the top of their lungs, using obscenities such as [expletive deleted], reading a statement attacking the integrity of the court and of the judicial system of the State of New York, making neo-fascist salutes by the raising of their left arms with their fists clenched, and by refusing to come to order and desist from said conduct and by refusing to leave the courtroom in a peaceable manner and by intimidating the members of the jury". Neither instrument makes any attempt to attribute any particular actions to any specific person. Section 755 of the Judiciary Law provides that where the punishment is summarily imposed "an order must be made by the court, judge, or referee, stating the facts which constitute the offense and which bring the case within the provisions of this section, and plainly and specifically prescribing the punishment to be inflicted therefor." It is well estab-

lished that strict compliance with the requirements setting forth the "particular circumstances" of the offense is required. (Judiciary Law, § 752.) The Court of Appeals in *People ex rel. Barnes v Court of Sessions of Albany County* (147 NY 290, 297) stated: "The reason for the statute is perfectly apparent. In the criminal contempts committed in the immediate view of the court it may punish summarily. The only record preserved is in the final order or mandate of the court entered in the minutes of the clerk. If the particular circumstances of the offense were not required to be set forth, there would be nothing that the accused could have reviewed, or that he could interpose as a defense to a subsequent conviction for the same act. If the court saw fit to call his act, no matter what it might be, a criminal contempt, that determination would of necessity be final, even though the act of the accused consisted in the putting on of his hat as he was going out of the court room door, and failed to come within any of the provisions of the Code constituting a contempt of the court." It is impossible for this court to perform its reviewing functions as to any of the petitioners other than Rodriguez and Wielopolski because there is no specification in the record as to what any of the other petitioners is alleged to have done, and we specifically note that there is nothing in the transcript by which any specific conduct can be attributed to the petitioner Sanchez. We are particularly concerned about the language employed by the Court of Appeals in *Matter of Katz v Murtaugh* (28 NY2d 234). In that case, the petitioner was a spectator at a pretrial hearing in a criminal prosecution who joined the audience in rising when the defendants entered the courtroom and raised his arm in defiant salute while others shouted "all power to the people." The court summarily adjudged the petitioner guilty of contempt of court. The Court of Appeals affirmed. In its opinion the Court of Appeals pointed out that the petitioner was singled out and was arraigned at the bench, and asked if he had anything to say. The Court of Appeals stated (p 238): "The arraignment at the bench * * * was the essential proffer in open court of an opportunity to a person, advised that he was in peril of being adjudged in contempt, to offer any reason in law or fact why that judgment should not be pronounced. *Indeed, if the court had failed to do just that, the action taken would have been high-handed if not wholly null, given the summary power that was being exercised.*" (Emphasis supplied.) We concur in the decision of the majority that the respondent properly adjudged petitioners Wielopolski and Rodriguez guilty of criminal contempt of court committed in the court's presence because they were easily identified by the record and made no effort to dispute their identification as stated therein. Furthermore, their contemptuous conduct is obvious and requires no further elaboration. However, there is no clear indication of what each of the other 10 petitioners is alleged to have done, and in their cases, a *voir dire* individually, before the bench should have taken place. Each should have been given an opportunity in open court after being advised that he was in peril of being adjudged in contempt, to offer any reason in law or fact why that judgment should not be pronounced. We, therefore, vote to affirm the orders as to the petitioners Antonio Rodriguez and Thomas Wielopolski, and reverse as to the other petitioners.